## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL STRUB,<br><br>   Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC,<br><br>   Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Daniel Strub ("Strub"), by and through his attorneys, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

### PARTIES

1.      Plaintiff Strub, an individual, is a citizen of France.  Strub resides at 105 Rue du General de Gaulle, 78300 Poissy, France.

2.      Defendant YouTube, LLC ("YouTube") is a limited liability company organized under the laws of the State of Delaware, and has a principal place of business located at 901 Cherry Avenue, San Bruno, California 94066.  YouTube may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

### JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and, accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     YouTube is subject to personal jurisdiction in this district because YouTube is a Delaware limited liability company.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).  YouTube is a Delaware limited liability company and therefore resides in this district. YouTube has provided and continues to provide the accused system and/or service for use by individuals and businesses in the State of Delaware and this judicial district.

**FACTUAL BACKGROUND**

6.     On April 21, 2009, United States Letters Patent No. 7,523,166 B2 ("the '166 patent") entitled "Message and Device for Message Broadcasting Enabling the Recipient to Retrieve at Least Partly a Message" was duly and legally issued to Strub.  A true and correct copy of the '166 patent is attached as **Exhibit 1**.

7.     Plaintiff Strub is the sole inventor of the '166 patent.  Strub has been the lawful owner of all right, title and interest in the '166 patent at all times since its issuance, and therefore holds the right to sue for past, present and future damages, and to seek injunctive relief.

8.     The '166 patent is presumed valid pursuant to 35 U.S.C. § 282, and is enforceable.

9.     The '166 patent is directed to a method and system for broadcasting messages of an advertising nature which ensure that a recipient of the advertising message takes into account at least a portion of the content of the message.  The method and system prevent a user from skipping or advancing through an advertising message during at least a period of delay.

10.    During the term of the '166 patent, YouTube has infringed and continues to infringe the '166 patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either literally or by the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States or

supplying or causing to be supplied in or from the United States, or intentionally inducing others to make, use, offer to sell, or sell in the United States or supply or cause to be supplied in or from the United States, without authority from Strub, a method and system for broadcasting messages of an advertising nature that are covered by one or more claims of the '166 patent.

11.     YouTube has been aware of the existence of the '166 patent, but nevertheless has infringed and continues to infringe the '166 patent. YouTube's infringements of the '166 patent have been willful and deliberate and in total disregard for Strub's lawful rights under the '166 patent, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

12.     YouTube owns and operates an automated distribution platform and service for original content creators and advertisers that allows users to watch (or play) messages containing audio/visual content (e.g., user-generated videos, advertisements and movies) from personal computing devices such as a desktop computer, laptop, tablet, smart phone or other such devices. YouTube's distribution platform includes computer hardware and software that stores videos (i.e., a video server). Most YouTube videos are streamed or distributed over a network, such as the Internet through www.youtube.com and its mobile YouTube apps, from the video server to a user's personal computing device equipped with Adobe Flash Player to allow the video to be played in real time as it is transmitted.

13.     YouTube's video server identifies certain videos as advertising messages, which are displayed "In-Stream" as an ad break before or during other YouTube videos. YouTube offers two types of In-Stream advertising messages: "Standard" and "TrueView." YouTube's TrueView advertising messages provide users with the option to skip or advance the ad only after a 5 second delay, thus ensuring that a user takes into account at least a portion of the content of the advertising message. Example screenshots of YouTube's TrueView advertising

messages are annexed as **Exhibit 2** (red circles have been added to the screenshots to identify the advertising message and the counter for the delay period during which the advertising message cannot be skipped or advanced).

14.     When a user activates any of the controls in the Adobe Flash Player on the user's personal computing device to indicate a desired operation, such as skip or advance, the Player transmits a control signal to the YouTube video server, and the video server performs the operation on the video as it is being transmitted to the Player.  However, if the video is a TrueView advertising message, and the control signal is transmitted during the period of delay, the YouTube video server ignores the control signal, thus preventing the user from skipping or advancing through the advertising video.

15.     YouTube's distribution platform and service utilize a method and system for broadcasting messages of an advertising nature which ensure that a recipient of the advertising message takes into account at least a portion of the content of the message in a manner that infringes at least claim 2 of the '166 patent.

16.     On June 12, 2012, Strub's counsel sent a letter to the President of YouTube providing notice of the '166 Patent and offering YouTube a license for use of the '166 Patent.  A copy of the June 12, 2012 letter is attached as **Exhibit 3**.

17.     Strub's counsel did not receive any response to the June 12, 2012 letter.  On April 5, 2013, Strub's counsel sent a further letter to the President of YouTube, including a claim chart showing how YouTube is infringing claim 2 of the '166 patent.  A copy of the April 5, 2013 letter is attached as **Exhibit 4**.  Strub's counsel has not received any response to the April 5, 2013 letter.

## COUNT I
### Infringement of the '166 Patent

18.     Strub repeats and realleges the allegations in paragraphs 1 to 17 as though fully set forth herein.

19.     YouTube utilizes a method and system for broadcasting messages of an advertising nature which ensure that a recipient of the advertising message takes into account at least a portion of the content of the message in a manner that infringes at least claim 2 of the '166 patent by utilizing the features described in paragraphs 10-13 on at least its www.youtube.com service and its mobile YouTube apps.  By making, operating, using and/or selling such a service and/or app, YouTube has infringed and continues to infringe, contribute to the infringement of, or induce the infringement of at least claim 2 of the '166 patent, either literally or under the doctrine of equivalents.

20.     YouTube committed these acts of infringement without license or authorization.

21.     YouTube's infringement has been and continues to be willful.

22.     YouTube's acts of infringement of the '166 patent, as alleged above, have injured Strub.  Strub is therefore entitled to recover damages adequate to compensate him for YouTube's acts of infringement, which in no event can be less than a reasonable royalty.

23.     Strub has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting YouTube, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '166 Patent.

## DEMAND FOR JURY TRIAL

24.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Strub requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Strub prays for the following judgment and relief against YouTube:

A.      For a judgment declaring that YouTube infringed at least one claim of the '166

patent under any of 35 U.S.C. §§ 271(a), (b) or (c);

B.      For a judgment awarding Strub compensatory damages as a result of YouTube's

infringement of the '166 patent, together with interest and costs, and in no event less than

a reasonable royalty;

C.      For a judgment declaring that YouTube's infringement of the '166 patent was

willful and deliberate;

D.      For a judgment awarding Strub treble damages and pre-judgment interest under

35 U.S.C. § 284 as a result of the YouTube's willful and deliberate infringement of the

'166 patent;

E.      For a judgment declaring that this case is exceptional and awarding Strub his

expenses, costs, and attorneys' fees under 35 U.S.C. § 285;

F.      For a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining

YouTube from further acts of infringement; and

G.      For such other and further relief as the Court deems just and proper.

Dated: May 7, 2013

Jeffrey S. Goddess (No. 630)
Jessica Zeldin (No. 3558)
P. Bradford deLeeuw (No. 3569)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com
bdeleeuw@rmgglaw.com

(302) 656-4433

Glenn F. Ostrager
Dennis M. Flaherty
Joshua S. Broitman
OSTRAGER CHONG FLAHERTY
   & BROITMAN P.C.
570 Lexington Avenue
New York, NY 10022
(212) 681-0600

*Attorneys for Plaintiff Daniel Strub*


Of Counsel:

William B. Bierce
Bierce & Kenerson, P.C.
420 Lexington Ave., #2920
New York, NY 10170
(212) 840-0080